# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2011

No. 10-10437
Summary Calendar

Lyle W. Cayce
Clerk

BARRY P. EMMETT,

Plaintiff - Appellant

v.

JASON MCGUIRE, Irving Police Department; JOHN DOE, Irving Police Department and Dallas County Sheriff's Office; OFFICER THOMAS BROMLEY, City of Irving Police Department,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-389

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Barry P. Emmett, Texas prisoner # 1383329, requests authorization to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint, which alleged that police officers used excessive force in arresting him by releasing a police dog against him and that he was denied medical care for his injuries from the dog. The district court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Emmett's request for leave to proceed IFP on appeal on the ground that he was not a pauper and that his appeal was not taken in good faith.

A movant for leave to proceed IFP on appeal must show that he is economically eligible and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, we may dismiss the appeal sua sponte as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

Although pro se briefs must be liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Emmett lists issues he wishes to raise on appeal but does not brief any facts or legal arguments in support of those issues. Emmett's failure to address the reasons for the district court's determination that his appeal does not involve a nonfrivolous issue has the same effect as if he had not appealed the judgment. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). By failing to brief the relevant issues, he has not shown that his appeal raises a nonfrivolous issue. Accordingly, Emmett's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5th Cir. R. 42.2. His motion to supplement the record also is denied.

Emmett is reminded that, because he has accumulated at least three strikes for purposes of Section 1915(g), he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless

No. 10-10437

he is under imminent danger of serious physical injury. Additionally, we reiterate our prior warning to Emmett that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Emmett is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; MOTION TO SUPPLEMENT RECORD ON APPEAL DENIED; SANCTION WARNING ISSUED.